HERMANN BOKER & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. March 20, 1909.)

No. 5,180.

1. CUSTOMS DUTIES (§ 26*)—CLASSIFICATION—"CIRCULAR SAW PLATES."

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 141, 30 Stat. 162 (U. S. Comp. St. 1901, p. 1640), for "steel circular saw plates," includes plates that resemble circular saw plates in size, shape, general finish, and general quality of steel, though imported for other uses.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 26.*]

2. CUSTOMS DUTIES (§ 19*)—CONSTRUCTION—RULE OF CLASSIFICATION—ADAPTABILITY FOR SPECIFIED USE—"SAW PLATES."

An enumeration of an article in a tariff act according to its use as "saw plates" includes articles that, though intended for other uses, have the necessary qualities and characteristics of the article designated.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 19.*]

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision by the Board of General Appraisers, which is reported as G. A. 6,694 (T. D. 28,625), affirmed the assessment of duty by the collector of customs at the port of New York. The board's opinion is as follows:

FISCHER, General Appraiser. The merchandise in question consists of circular steel plates measuring 16 inches in diameter and .078 inch in thickness. They were assessed with duty at the rate of 1.3 cents per pound

under the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 135, 30 Stat. 161 (U. S. Comp. St. 1901. p. 1638), as steel saw plates, with an additional duty of one-half cent per pound under paragraph 141, 30 Stat. 162 (U. S. Comp. St. 1901, p. 1640), which provides that "on steel circular saw plates there shall be paid one-half of one cent per pound in addition to the rate provided in this act for steel saw plates." The importers contend that the plates are not saw plates, and are not subject, therefore, to such additional duty. They claim that the articles are properly dutiable under the provisions of paragraph 135 as "sheets and plates, in all forms and shapes not specially provided for."

The testimony of Carl F. Boker, the sole witness for the importers, goes to * show that the circular steel plates were imported for the Western Electric Company, to be used by that corporation as the end pieces of spools or reels on which wire is to be wound. Affidavits made by the purchasing agents confirm this testimony. Boker, however, could not say whether the plates here in dispute were suitable for saw plates. He admits that saw plates are sold by him at 9 cents per pound, while the plates before us are sold at 11¾ cents, which in itself is an indication that the quality of steel is not inferior to that of the saw plate. The importers' case rests entirely on the fact that the steel disks brought in by them have not been imported by them for the use of the sawmaker. If the provision covering saw plates limited them to such as were suitable only for such use, or provided that articles, to be dutiable as such, must be imported for that use, then the claim of the importers might be well founded; but, as the destined use to which any given importation is to be put does not necessarily control its classification, the purpose for which these disks are to be used does not establish affirmatively the importers' claim, nor does it prove that the articles are not in fact circular saw plates. The question is, Have they the necessary qualities and characteristics which saw plates must possess in order to be so designated? We have nothing to do with their ultimate use after importation. Jessup v. Cooper (D. C.) 46 Fed. 186; Godwin v. U. S. (C. C.) 66 Fed. 739.

It only remains to determine whether the article as imported does possess such character as would, upon proper examination, indicate and determine its general use. In Worthington v. Robbins, 139 U. S. 337, 11 Sup. Ct. 581. 35 L. Ed. 181, it was held that, to be dutiable as "watch materials," the article when imported must be in such form of manufacture as to show its adaptation to the making of watches. The witnesses for the government have testified that the articles imported are adapted to the manufacture of circular saws. In size, shape, general finish, and quality of steel they testify that the plates correspond to that of circular saw plates. An analysis made shows that these plates will take a temper; and as this permits their use as plates for saws, and as in all other particulars they resemble and correspond to what are known and imported generally for such use, we find that the articles are in fact steel circular saw plates, and hold that they are properly dutiable as assessed.

The protests are overruled, and the decision of the collector in each case is affirmed.

McLaughlin, Russell, Coe & Sprague (Edward P. Sharretts, of counsel), for importers.

J. Osgood Nichols, Asst. U. S. Atty.

HOLT, District Judge. Decision of the board affirmed.